

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**UNITED STATES OF AMERICA**

V.

**INDICTMENT NO.** 6:26-CR-95-REW-EBA
**21 U.S.C. § 841(a)(1)**

**ABRAHAM P. FLANNELLY**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

On or about October 3, 2025, in Laurel County, in the Eastern District of Kentucky,

**ABRAHAM P. FLANNELLY**

did knowingly and intentionally possess with intent to distribute controlled substances,

including a mixture or substance containing a detectable amount of fentanyl and 50 grams

or more of a mixture or substance containing a detectable amount of methamphetamine,

each a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**FORFEITURE ALLEGATION**
**21 U.S.C. § 853**

1.      By virtue of the commission of the felony offense alleged in Indictment,

**ABRAHAM P. FLANNELLY**, shall forfeit to the United States any and all property used,

or intending to be used, to commit and/or to facilitate the commission of the violation of 21

U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly

as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that

**ABRAHAM P. FLANNELLY** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.      The property to be forfeited includes, but is not limited to, the following:

> **CURRENCY:**
> Approximately $4,079.00 in U.S. currency seized from Abraham P. Flannelly on or about October 3, 2025.

3.      If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

FOREPERSON

_____
**JASON D. PARMAN**
**FIRST ASSISTANT UNITED STATES ATTORNEY**

_____
**W. SAMUEL DOTSON**
**ASSISTANT UNITED STATES ATTORNEY**

## PENALTIES

Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

PLUS:       Forfeiture of listed assets.

**PLUS:**       Mandatory special assessment of $100 per count.

**PLUS:**       Restitution, if applicable.